UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
PETE CHINGAS, an individual, on behalf of
himself and all others similarly situated,

                Plaintiff,                    **COMPLAINT – CLASS ACTION**

vs.                                                 **JURY TRIAL DEMANDED**

AKIVA SHAPIRO LAW, PLLC,
a New York professional limited liability company,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## INTRODUCTION

1. Plaintiff PETE CHINGAS brings this action to secure redress from the unlawful debt collection practices engaged in by Defendant AKIVA SHAPIRO LAW, PLLC.

2. Plaintiff alleges that Defendant's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

3. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses.

4. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt

collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."), 28 U.S.C. § 1337 ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce ..."), and 15 U.S.C. §1692k (An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, ...").

6. Venue is proper in this judicial district because Defendant both resides in, and engaged in the complained of collection activities in, this district. 28 U.S.C. § 1391(b) ("A civil action may be brought in— (1) a judicial district in which any defendant resides, or; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...").

## PARTIES

7. Plaintiff is a natural person who at all times relevant to this action did, and does reside in Willison Park, Nassau County, New York.

8. Plaintiff, as further described herein, is a consumer as defined by 15 U.S.C. § 1692a(3).

9. At all times relevant to this complaint, Defendant is law firm, whose principal business address is 1 West Park Drive, Old Bethpage, Nassau County, New York.

10. Defendant, through telephone calls, threats of law suits, the actual filing of law suits, and the mailing of debt collection letters, regularly attempts to collect "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. On or about Sometime prior to September 16, 2019, Defendant sent Plaintiff the letter attached as **Exhibit A** for the purpose of collecting an allegedly delinquent debt supposedly owed to a company called Asset Servicing Corp.

13. **Exhibit A** was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

14. The allegedly delinquent debt arose out of a transaction in which the money, property, insurance, or services that are the subject of the transaction are primarily for personal, family, or household purposes and is therefore a "debt" within the meaning of 15 U.S.C. § 1692a(5).

15. 15 U.S.C. § 1692g(a) requires, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

   1) *the amount of the debt;*

   2) *the name of the creditor to whom the debt is owed;*

   3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

> 4) *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*
>
> 5) *a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

16. Consistent with the requirements of section 1692g(a), Exhibit A appears to state (1) *the amount of the debt*, and (2) *the name of the creditor to whom the debt is owed*, but that is where Defendant's compliance with section 1692g(a) ends.

17. Exhibit A completely omits or falsely, deceptively, and misleadingly states the requirements of section 1692g(a)(3) through (5), stating merely, "**Unless I hear from you within 30 days of this letter**, I will assume you do not dispute this debt. If you request confirmation within 30 days, I will have debt confirmation documentation sent to you by mail or email as per your request." (emphasis added).

18. Exhibit A incorrectly the states the assumption of validity as pronounced by the FDCPA by failing to include "*a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.*"

19. Defendant, in two (2) separate locations of the November 29, 2019 collection letter, misstates the statutory language to the Plaintiff's detriment, by limiting the dispute period to 30 days from the date of the collection letter when the statute provides the consumer the ability to dispute the validity of the debt for 30 Days from receipt of the collection letter. *Cavallaro v. Law Office of Shapiro & Kreisman*, 933 F. Supp. 1148, 1154 (E.D.N.Y. 1996).

20. Exhibit A also fails in a false, deceptive, and misleading fashion to correctly inform Plaintiff of his right to demand verification and the correct method for doing so, as outlined in section 1692g(a)(4).

21. Finally, Exhibit A complete omits "*a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*"

22. Such failures have been held in this District to be deceptive to the least sophisticated consumer. *See e.g., Diaz v. Residential Credit Solutions, Inc.*, 965 F. Supp. 2d 249, 260 (E.D.N.Y. 2013) (citing *Galuska v. Collectors Training Inst. of Illinois*, No. 07-2044, 2008 WL 2050809, at *1, 2008 U.S. Dist. LEXIS 39508 at *17-18 (M.D.Pa. May 13, 2008); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp.2d 336, 340-41 (E.D.N.Y.2002) (denying a motion to dismiss a verification notice claim).

23. On information and belief, Exhibit A is the product of a template, form letter, used over and over by Defendant and mailed to consumers from whom it is attempting to collect debts.

## POLICIES AND PRACTICES COMPLAINED OF

24. It is Defendant's policy and practice to mail written collection communications, in the forms attached as Exhibit A that violate the FDCPA by omitting, or falsely, deceptively, and misleadingly stating the requirements of section 1692g(a)(3) through (5),

25. Such policies and practices are in violation of 15 U.S.C. §§1692e, 1692e(10), and/or 1692g(a)(3)-(5).

26. On information and belief, Defendant mailed written communications, in substantially the same form as Exhibit A to at least 40 natural persons in the State of New York.

## CLASS ALLEGATIONS

27. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28. The proposed class consists of all persons with addresses in the State of New York to whom, within the one-year period prior to the filing of the original complaint in this action, Defendant mailed a written communication in an attempt to collect a debt, in substantially the same form attached as Exhibit A, which incorrectly states the elements of the written notice required by section 1692g(a), and instead states, "Unless I hear from you within 30 days of this letter, I will assume you do not dispute this debt. If you request confirmation within 30 days, I will have debt confirmation documentation sent to you by mail or email as per your request."

29. The identities of all class members are readily ascertainable from the records of Defendant, and those entities on whose behalf it attempts to collect debts.

30. Plaintiff is a member of the putative class.

31. Excluded from the class is the Defendant and all of its officers, members, partners, managers, directors, employees, and each of their respective immediate families, along with legal counsel for all Parties to this action and all members of their immediate families.

32. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are whether Defendant's written communications, in substantially the same form as Exhibit A violates 15 U.S.C. §§ 1692e, 1692e(10), and/or 1692g(a)(3).

33. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

34. Plaintiff will fairly and adequately protect the interests of the Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

35. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity**: Plaintiff is informed and believes, and on that basis alleges, that the Class, defined supra, is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members. With respect to the Class, the principal issues are whether Defendant's written communications, in substantially the same form as Exhibit A violates 15 U.S.C. §§ 1692e, 1692e(10), and/or 1692g(a)(3)-(5).

(c) **Typicality**: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class members insofar as he has no interests that are averse to absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel has any interests that might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

36.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of the class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

37.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class, Class Claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

**FIRST CAUSE OF ACTION**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**AS TO PLAINTIFF AND THE CLASS**

38.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

39.     15 U.S.C. § 1692g(a) requires, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

1) *the amount of the debt;*

2) *the name of the creditor to whom the debt is owed;*

3) *a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;*

4) *a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and*

5) *a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.*

40. Defendant's demand letter incorrectly the states the elements of the written notice required by section 1692g(a).

41. In failing to include the material terms of section 1692g(a), Defendant violated the FDCPA. Defendant's violations with respect to its debt collection letter to Plaintiff which include, but are not limited to, the following:

(a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e, 1692e(10), and/or 1692g(a)(3)-(5);

(b) Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10);

(c) Falsely, deceptively, and misleadingly purporting to state the elements of the written notice required by section 1692g(a).

\* \* \*

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and in favor of the class (defined above) as follows:

    (i)    An award of statutory damages for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    (ii)    Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

    (iii)    For such other and further relief as may be just and proper.

## JURY DEMAND

42. Plaintiff hereby demands that this case be tried before a Jury.

DATED:    Uniondale, New York
January 7, 2020

s/ Abraham Kleinman
Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
Telephone: (516) 522-2621
Facsimile:    (888) 522-1692
E-Mail: akleinman@kleinmanllc.com

*Attorney for Plaintiff, Pete Chingas, and all others similarly situated*

# EXHIBIT A TO COMPLAINT

# Akiva Shapiro Law, PLLC

Mailing Address:
696 Old Bethpage Road #540
Old Bethpage, NY 11804

Akiva Shapiro
Office Address
1 West Park Drive
Old Bethpage, NY 11804

Tel: 516-654-6221 Fax: 347-710-2543
payments@ShapiroLawPaymentsForASC.com

November 29, 2019

Pete Chingas


**FOR SETTLEMENT PURPOSES**

Re: Overdue account with Asset Servicing Corp,
   d/b/a ZapMyTax,
   d/b/a Property Assessment Correction Group
   **Tax Roll Year: 2018**

DSBL Account #: [redacted]
Principal Amount Due[1]: $340.45
Collection Fees[3]: 343.75
Property Address: [redacted]

Firm File#: ASC-4890-4308-7857
Interest through 11/29/2019[2]: $68.16
Total Balance Outstanding: $752.36

Dear Pete Chingas:

**This communication is from a debt collector. We are attempting to collect a debt. Any information obtained will be used for that purpose.**

My firm has been retained by Asset Servicing Corp, d/b/a ZapMyTax ("ZapMyTax") to resolve your outstanding balance with them. ZapMyTax's records indicate that you have not paid the amount you promised to pay them for the Tax Roll Year 2018 despite their having obtained for you a reduction in your property tax assessment, and, further, that you have not responded to correspondence and phone calls from them attempting to resolve the issue.

Consequently, it has become necessary for ZapMyTax to hire my firm to reach out to you to settle the matter, or, if unsuccessful, to resolve it through the court system. I am writing this letter as the first step in the process.

I have reviewed documentation and records with respect to your account and it appears to me you have a balance outstanding. Unless I hear from you within 30 days of the date of this letter, I

---

[1] Includes payments to date, if any. Per your agreement, the principal amount due is based on the undiscounted fee of 50% of the property tax deduction obtained.
[2] Interest as of 11/29/2019. Interest continues to accrue at the contractual rate of 1.5% per month.
[3] Reasonable collection fees, including attorney fee and internal collection costs.

**AKIVA SHAPIRO LAW, PLLC**

will assume you do not dispute this debt. If you request confirmation within 30 days, I will have debt confirmation documentation sent to you by mail or email as per your request.

If you would like to resolve this quickly, my client is prepared to offer you a quick settlement of $684.20 (comprised of principal amount due $340.45, plus collection costs of $343.75). My client will waive interest in the amount of $68.16. This offer is good for 30 days from the date of this letter. If you would like to take advantage of this offer, please choose a payment option from below and pay $684.20.

If this debt remains unresolved after 30 days, or after 30 days following sending requested debt confirmation, I have been instructed to commence civil litigation.

**Payment Options**

- ✓ You may pay on-line by credit card. Visit www.ShapiroLawPaymentsForASC.com.
- ✓ You may pay by certified check or money order by mail. Please forward your certified check or money order in the amount of **$684.20** to my office, made out to **Akiva Shapiro Law, PLLC**. To expedite, please be sure to put your Firm File#: ASC-4890-4308-7857, in the memo of the check. **Please do not send personal checks.**
- ✓ You can also call to discuss a payment plan.

Should you wish to contact me on the matter, you can contact me by letter, phone, fax, or email using the contact information located at the top of this letter. Please be sure to include our Firm File#: ASC-4890-4308-7857, in all correspondence. Any dispute correspondence should be timed to be received by me before the expiration of 30 days of the date of this letter.

Very truly yours,

/s/ Akiva Shapiro

Akiva Shapiro, Esq.